IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JIMMY M. LILLARD, and ) | |
| MUNSELL L. VOORHIES ) | |
| ) | |
| v. ) | No. 3:07-1036 |
| ) | Judge Trauger/Bryant |
| CITY OF MURFREESBORO, ) | |
| TENNESSEE POLICE DEPARTMENT, ) | |
| and DETECTIVE JOHN H. JONES ) | |

To: The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

**I.      Introduction**

Plaintiffs, proceeding *pro se*, filed this lawsuit seeking damages under 42 U.S.C. § 1983 on October 17, 2007 (Docket Entry No. 1). The case was referred to the undersigned on October 22, 2007 for all pretrial proceedings, including recommendations on any dispositive motions under 28 U.S.C. § 636(b)(1). (Docket Entry No. 3). The Plaintiffs have since amended their complaint. (Docket Entry No. 11).

Currently pending is Defendants' motion to dismiss for failure to state a claim upon which relief can be granted (Docket Entry No. 24), supported by memorandum (Docket Entry No. 25). Plaintiffs have responded to the motion. (Docket Entry No. 29)  Upon consideration of these papers, and for the reasons given below, the Magistrate Judge recommends that Defendants' motion be GRANTED, and that this case be DISMISSED with prejudice for failure to state a claim.

1

## II. Factual Background

Plaintiffs Jimmy Lillard and Munsell Voorhies seek damages under 42 U.S.C. § 1983 for violations of their Fourth, Fifth, and Fourteenth Amendment rights which are alleged to have occurred in connection with a criminal investigation by the Murfreesboro, Tennessee City Police Department. (Docket Entry No. 1).

On February 17, 2005, four search warrants were issued based on affidavits made by Defendant Detective Jones. (Docket Entry No. 19 at 2-9). In his affidavits, Detective Jones specified that a "confidential reliable source" had indicated that Marcus[1] and Munsell Voorhies "were involved in trafficking" powder and crack cocaine. *Id.* at 28. The four search warrants allowed the Murfreesboro Police Department to search for evidence of violations of the Tennessee Drug Control Act of 1989, T.C.A. § 39-17-417, and evidence of violations involving money laundering at four different residences in Murfreesboro, Tennessee, in addition to authorizing searches of "the persons of" Marcus and Munsell Voorhies. *Id.* at 2-9.

The first search warrant was executed by Detective Jones on February 17, 2005 at 809 Riveria Drive. *Id.* at 3. While the search was in progress, Plaintiff Jimmy Lillard arrived. (Docket Entry No. 1 at 1-2; Docket Entry No. 19 at 11). When Detective Jones and other officers entered the home at 809 Riveria Drive, they found rolling papers, crack cocaine, marijuana, and other evidence of controlled substance use. (Docket Entry No. 19 at 11). Detective Jones determined that Mr. Lillard was living in the apartment because some of the mail was addressed to him and because he recognized clothing and furniture that had been there in past searches. *Id.*

---

[1]The Defendants rightly assert that Marcus Voorhies, the brother of Plaintiff Munsell Voorhies and son of Plaintiff Jimmy Lillard, is <u>not</u> a named Plaintiff in this case.

2

at 12. Detective Jones testified that he had executed search warrants on these premises approximately four times before, and that each time Mr. Lillard was living there. *Id.* However, Detective Jones also admitted that Mr. Lillard's current driver's license did not match the address of the apartment, that the utilities were not in his name, and that he did not check the date on Mr. Lillard's mail. *Id.* at 18. According to Mr. Lillard, he "no longer live[d]" in the apartment, and had moved to Nashville in 2003. (Docket Entry No. 1 at 1-2). Mr. Lillard claims that he was just "visiting" the premises when Detective Jones accosted him and took him to jail. *Id.*

On June 1, 2005, the Tennessee General Sessions Court held a preliminary hearing to determine whether there was probable cause to believe that Mr. Lillard had committed an offense. (Docket Entry No. 1 at 5; Docket Entry No. 19 at 17). At this hearing, it was established that Detective Jones had inaccurately stated in his affidavit for obtaining the search warrants that crack cocaine had been found previously at the 809 Riveria Drive address. (Docket Entry No. 1 at 5; Docket Entry No. 19 at 17). This false information in the affidavit was the only information expressly tying Mr. Lillard to the search on February 17. (Docket Entry No. 19 at 30). Even so, the Judge found there to be sufficient probable cause to believe that Mr. Lillard had committed an offense on this occasion to bind him over to a grand jury for indictment. (Docket Entry No. 19 at 20). On August 1, 2005, the grand jury returned a true bill on the counts of felony possession of cocaine, "maintaining a structure" for the use of a controlled substance, simple possession of marijuana, and possession of drug paraphernalia. *Id.* However, the charges against Mr. Lillard were ultimately dismissed on December 12, 2006, inasmuch as the State did not wish to prosecute further. (Docket Entry No. 19 at 25).

3

After Mr. Lillard's criminal case was dismissed, the "same charges" were brought against Mr. Lillard's sons, Marcus and Munsell Voorhies, based on one of the four February 17, 2005 search warrants. (Docket Entry No. 19 at 8). Plaintiffs allege that Munsell Voorhies was arrested on "the same" February 17, 2005 search warrant, but that it was "served in 2007." *Id.* Plaintiffs speculate that the search warrant may have been rewritten. *Id.* On August 13, 2007, Munsell Voorhies took a three-year plea bargain. (Docket Entry No. 1 at 7). He claims that two years elapsed between the time of the alleged offense and the time of the indictment, and that Detective Jones failed to appear in court and "bring the evidence" three times, prejudicing his ability to defend himself. *Id.* at 7-8. Mr. Voorhies asserts that he pled "in his best [interest]" and not because he was actually guilty. *Id.* at 8. He is concerned about the "24 month delay" in his criminal prosecution. *Id.*

**III.    Conclusions of Law**

  **A.    Standard of Review**

In evaluating the Complaint under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all of the Plaintiff's well-pleaded factual allegations and resolve all doubts in the Plaintiff's favor. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the Plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations supplied must be enough to show a plausible right to relief. *Id.* at 570. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at

4

944; *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Because this complaint was filed *pro se*, it must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing Fed. R. Civ. P. 8(f)).

### B. Analysis

Liberally construing the Plaintiffs' complaint, Mr. Lillard alleges that he was unlawfully arrested and maliciously prosecuted in violation of the Fourth and Fourteenth Amendments. Mr. Voorhies also alleges an unlawful arrest on a "stale" search warrant, and claims that the two-year pre-indictment delay violated his Fifth Amendment Due Process rights. The Plaintiffs seek damages under 42 U.S.C. § 1983.

To prevail under 42 U.S.C. § 1983, the Plaintiffs must establish: "(1) that [they were] deprived of a right secured by the Constitution or laws of the United States, and (2) that [they were] subjected to or caused to be subjected to this deprivation by a person acting under color of state law." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978)). For the purposes of this 12(b)(6) motion, this court assumes that the actions of Detective Jones and the Murfreesboro Police Department were under color of state law. Even so, because the Plaintiffs' constitutional claims are either barred by the applicable statute of limitations, precluded by collateral estoppel, or fail to raise allegations beyond "bare legal conclusions," the Defendants' motion to dismiss should be granted.

#### 1. Plaintiff Lillard's False Arrest and False Imprisonment Claims

Plaintiff Lillard alleges that Detective Jones violated his Fourth and Fourteenth Amendment rights by arresting and detaining him without probable cause following the execution of a search warrant that contained false information. (Docket Entry No. 1 at 1-3).

5

However, because the one-year statute of limitations for Mr. Lillard's false arrest and false imprisonment claims commenced on June 1, 2005, these claims should be dismissed as untimely.

For section 1983 actions, the appropriate statute of limitations is the state statute of limitations governing personal injury. *Wilson v. Garcia*, 471 U.S. 261, 276-280 (1985). Because the statute of limitations for personal injury claims in Tennessee is one year, Mr. Lillard should have filed his complaint within one year of the accrual. *See* Tenn. Code Ann. § 28-3-104(a)(3); *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997). Mr. Lillard's false arrest and false imprisonment claims accrued on June 1, 2005, the date of his preliminary hearing. False arrest claims under section 1983 accrue at the time of the arrest or no later than the first judicial proceeding subsequent to the arrest. *Zicker v. Metro Nashville Police Dept.*, 2009 U.S. Dist. LEXIS 31789, at *17 (April 14, 2009) (citing *Wallace v. Kato*, 549 U.S. 384, 391 (2007); *Fox v. Desoto*, 489 F.3d 227, 233 (6th Cir. 2007)). For false imprisonment claims, the statute of commences when the claimant is released, or when his detention is sanctioned "pursuant to legal process." *Wallace*, 549 U.S. at 390 (holding that the plaintiff was detained "pursuant to legal process" when he was bound over by the magistrate for trial). For Mr. Lillard, the preliminary hearing on June 1, 2005 was the first judicial proceeding subsequent to his arrest. *See* 9 Tenn. Practice, Criminal Practice and Procedure, § 7.21 at 210 (West 1984) ("The preliminary hearing is an adversarial judicial determination of probable cause."). Moreover, even if Mr. Lillard were detained for the full duration of the criminal proceedings against him, he was first detained "pursuant to legal process" on June 1, 2005, when the Judge found probable cause for Mr.

Lillard's charges[2]. Because Mr. Lillard was never convicted of an offense, the statute of limitations for these claims did not commence on December 12, 2006, when the proceedings against him were ended. *Wallace*, 549 U.S. at 391-93. Rather the statute ran from the date of his judicially sanctioned detention, without being tolled while the charges against him were pending. *Fox*, 489 F.3d at 235. Mr. Lillard should have filed his complaint no later than June 1, 2006, within one year of his preliminary hearing. Because this complaint was filed in 2007, his false arrest and false imprisonment claims are time-barred. (Docket Entry No. 1).

## 2. Plaintiff Lillard's Malicious Prosecution Claim.

Mr. Lillard's Fourth Amendment malicious prosecution claim, grounded in the inaccurate search warrant and Detective Jones' "lie" at the preliminary hearing, is not barred by the applicable statute of limitations. (Docket Entry No. 1 at 3). Even so, this claim fails as a matter of law because Mr. Lillard is estopped from relitigating the element of probable cause.

For malicious prosecution claims under section 1983, the cause of action accrues, and the statute begins to run, when the underlying criminal proceeding terminates in the plaintiff's favor. *Dallas v. Holmes*, 2005 U.S. App. LEXIS 8457 at *13 (6th Cir. March 5, 2005) (citing *Dunn v. Tennessee*, 697 F.2d 121, 127 (6th Cir. 1987)); *McCune v. City of Grand Rapids*, 842 F.2d 903, 907 (6th Cir. 1988); *Fox*, 489 F.3d at 233 (finding, after *Wallace*, that the plaintiff's malicious prosecution claim accrued at the time of acquittal). Although the default accrual date for section 1983 claims is when the plaintiff could have reasonably "discovered" the

---

[2]It appears that Mr. Lillard was not detained for the full duration of the underlying criminal proceedings, as he asserts in his Complaint that he was not able to "make bond" until the end of the day on February 17, 2005. However, because Mr. Lillard does not explicitly indicate the duration of his detention, this Court resolves all doubt in his favor.

7

constitutional injury, malicious prosecution claims are unique because termination of the underlying criminal proceeding is often an element of the claim itself. *McCune*, 842 F.2d at 905, 907. Mr. Lillard's underlying criminal proceeding terminated on December 12, 2006, when the State dismissed the charges against him. (Docket Entry No. 1 at ¶ 4). His malicious prosecution claim, which was filed in October 2007, falls within the applicable statute of limitations. *Id.*

However, because Mr. Lillard is estopped from relitigating the issue of whether there was probable cause to prosecute him for an offense, his malicious prosecution claim fails as a matter of law. Although the Sixth Circuit has yet to specifically define the elements of a Fourth Amendment malicious prosecution claim, "it is nonetheless clear that such a claim fails when there was probable cause to prosecute [the plaintiff]." *Zirker v. Metro Nashville Police Dept.*, 2009 U.S. Dist. LEXIS 31789 (M.D. Tenn. April 14, 2009), *adopted without modification by Zirker v. Metro Nashville Police Dep't*, 2009 U.S. Dist. LEXIS 35440 (M.D. Tenn. April 27, 2009) (Campbell, J.) (citing *Fox*, 489 F.3d at 237). At the preliminary hearing on June 1, 2005, the Tennessee General Sessions court found that there was sufficient probable cause to believe that Mr. Lillard had committed an offense to bind him over to a grand jury, regardless of the inaccuracy in Detective Jones' affidavit in support of his search warrant application. (Docket Entry No. 1 at 5; Docket Entry No. 19 at 17). The grand jury returned a true bill on Mr. Lillard's charges, also finding probable cause to prosecute him. Docket Entry No. 19 at 20. "[T]he finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer."*Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002) (citing *Ex parte United States*, 287 U.S. 241, 250 (1932)). Because these findings are binding in subsequent claims under section 1983, Mr. Lillard

8

Case 3:07-cv-01036 Document 30 Filed 06/15/09 Page 8 of 14 PageID #: 338

is collaterally estopped from relitigating the probable cause element.

This Court looks to Tennessee law on collateral estoppel to determine what preclusive effect should be given to the prior state court proceeding. *Darrah v. City of Oak Park*, 255 F.3d 301, 311 (6th Cir. 2001) (citing *Haring v. Prosise*, 462 U.S. 306, 313 (1983)). Under Tennessee law, once an issue has been determined by a court of competent jurisdiction, the doctrine of collateral estoppel renders that determination conclusive on the issue in subsequent litigation between the parties, even when the claims are different. *Corvin v. Bice*, No. 1:05-CV-219, 2007 WL 776501, at *5 (E.D. Tenn. March 9, 2007) (citing *Gibson v. Trant*, 58 S.W.3d 103, 113 (Tenn. 2001)). The party invoking the doctrine of collateral estoppel has the burden of proof. *Id.* (citing *Beaty v. McGraw*, 15 S.W.3d 819, 824 (Tenn. Ct. App. 1998)). The Defendants must demonstrate that: "(1) the issue to be precluded is identical to the issue decided in the earlier suit, (2) the issue to be precluded was actually litigated and decided on its merits in the earlier suit, (3) the judgment in the earlier suit has become final, (4) the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier suit, and (5) the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier suit to litigate the issue to be precluded." *Id.* (citing *Beaty*, 15 S.W.3d at 824-25).

In this case, the Defendants have established all five elements. Probable cause was at issue in both the preliminary hearing and the grand jury decision. Additionally, the preliminary hearing was an "adversarial judicial determination," and Mr. Lillard was represented by counsel. *See* Docket Entry No. 19-11-18 (where Mr. Lillard's attorney questions Detective Jones in the preliminary hearing). Even though Detective Jones "did not tell the truth" in the preliminary hearing, this factual inconsistency was resolved before the judge. *Id.* at 10. Both the judge and

9

the grand jury determined probable cause *notwithstanding* the false statement in the affidavit. There is no further evidence that Mr. Lillard has not had "a full and fair opportunity" to litigate the issue of probable cause. *See Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006) (finding that probable cause was established by grand jury indictment even in the face of allegations that the defendants misled the grand jury; dismissing the plaintiff's malicious prosecution claim). Because the absence of "probable cause to prosecute" is an essential element of Mr. Lillard's malicious prosecution claim, this claim fails as a matter of law.

Even if Mr. Lillard is not collaterally estopped from relitigating the probable cause element, the documents that Mr. Lillard includes in his pleadings provide sufficient evidence for this Court to determine that Detective Jones had probable cause to initiate the prosecution. See Darrah, 255 F.3d at 312 (finding that the plaintiff could not make out a malicious prosecution claim under the Fourth Amendment because there was probable cause to prosecute her, "regardless of any false statements made by [the arresting officer]"). Probable cause exists when the facts known to the officer are sufficient to warrant a man of reasonable caution to believe that an offense had been, was being, or was about to be committed. *See Brinegar v. United States*, 338 U.S. 160, 175-76 (1949). "A finding of probable cause does not require evidence that is completely convincing or even evidence that would be admissible at trial; all that is required is that the evidence be sufficient to lead a reasonable officer to conclude that the arrestee has committed or is committing a crime." *Harris v. Bornhorst*, 513 F.3d 503, 511 (6th Cir. 2008). The documents provided in the pleadings indicate that Detective Jones had searched 809 Riveria Drive four times before, and that on each of these occasions, Mr. Lillard was living there. (Docket Entry No. 19 at 12). Even though the utilities were no longer in Mr. Lillard's name and

10

his driver's license did not match the address, Detective Jones recognized the same clothes and furniture from previous searches, and saw that some mail was addressed to Mr. Lillard. *Id.* at 18. On this evidence, it was reasonable for Detective Jones to believe that Mr. Lillard was staying or living in the apartment, even if his belief was not true. Upon finding evidence of controlled substance use in the apartment, it was also reasonable for Detective Jones to believe that Mr. Lillard had committed a crime. *See Zirker*, 2009 U.S. Dist. LEXIS 31789 at *20 (finding that the officers had probable cause to prosecute after seeing the arrestee drive a car and later finding drugs in that car). Because Detective Jones had probable cause to initiate prosecution, Mr. Lillard cannot make out a malicious prosecution claim.

### 3. Plaintiff Voorhies' False Arrest and False Imprisonment Claims

Plaintiff Munsell Voorhies alleges that because Detective Jones arrested him on a "stale" search warrant without probable cause, he was falsely arrested and imprisoned in violation of the Fourth and Fourteenth Amendment. However, because Mr. Voorhies pled guilty to his offense, he is also collaterally estopped from relitigating the probable cause element.

To prevail on a false arrest and false imprisonment claim under the Fourth Amendment, a plaintiff must show that he was arrested without probable cause and detained without legal process. *Wallace*, 549 U.S. at 390. Although a guilty plea in state court does not bar Fourth Amendment claims altogether, it is well established in the Sixth Circuit that a guilty plea bars a section 1983 plaintiff from relitigating the issue of whether there was probable cause to arrest and detain him. *Daubenmire v. City of Columbus*, 507 F.3d 383, 390 (6th Cir. 2007) ("Plaintiffs are estopped by their [guilty] pleas in state court from now challenging the reasonableness of their arrest in the instant section 1983 action.") (citing *Walker*, 854 F.2d at 142)**.** Even though

11

Mr. Voorhies now seems to regret his decision, and claims that he only pled guilty because it was in his best interest, his guilty plea bars him for bringing a Fourth Amendment false arrest claim for lack of probable cause. (Docket Entry No. 1 at 8). Accordingly, his false arrest and false imprisonment claims should be dismissed.

### 4. Plaintiff Voorhies' Pre-Indictment Delay Claim

Finally, Plaintiff Munsell Voorhies alleges that the 24-month delay between the time of his offense and the date his indictment was returned violated his Fifth Amendment[3] Due Process rights by prejudicing his ability to defend himself. (Docket Entry No. 1 at 8). However, because Mr. Voorhies does not allege any facts to support the "bare legal conclusion" of prejudice, this claim cannot survive the Defendants' 12(b)(6) motion.

To prevail on a due process claim involving pre-indictment delay, a plaintiff must establish that: "(1) the delay caused substantial prejudice to the [plaintiff's] right to a fair [criminal] trial, and (2) the delay was an intentional device by the government to gain a tactical advantage over the accused." *United States v. McDougle*, 2003 U.S. App. LEXIS 23533, at *13 (6th Cir. Nov. 13, 2003) (citing *United States v. Marion*, 404 U.S. 307, 324 (1971) and *United States v. Rogers*, 118 F.3d 466, 475-76 (6th Cir. 1997)). The Plaintiff must put forth evidence showing "actual prejudice," and cannot rely on the "possibility of prejudice inherent in any extended delay." *Id.* In his complaint, Mr. Voorhies alleges that there was a 24 month delay between the time of the offense and the indictment, that Detective Jones failed to "show up" in court and "bring the evidence" three times, and that this "prejudiced" his ability to defend

---

[3] As his complaint is against the State, and not the federal government, Plaintiff Voorhies' claim is properly alleged under the Due Process Clause of the Fourteenth Amendment.

12

himself. (Docket Entry No. 1 at 8-9). However, Mr. Voorhies does not allege any facts from which the Court can infer that he was actually prejudiced by the delay. While Mr. Voorhies need not supply *evidence* of prejudice in his complaint, he must at least *allege facts* from which prejudice can be inferred – it is not enough to merely "[recite] the elements of a cause of action." *Bell Atlantic Corp.*, 550 U.S. at 555; *see also Kamppi v. Ghee*, 2000 U.S. App. LEXIS 4610, at *4 (6th Cir. March 14, 2000) (finding that "the less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations"). Accordingly, Voorhies' due process claim cannot survive the Defendants' motion to dismiss under Rule 12(b)(6).

## IV.     Recommendation

In light of the foregoing, the Magistrate Judge recommends that Defendants' motion to dismiss for failure to state a claim be GRANTED, and that this case be DISMISSED in its entirety with prejudice.

Any party has ten (10) days from the receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing the objections shall have ten (10) days from receipt of any objections filed in which to file any responses to the objections. Failure to file specific objections within ten (10) days of receipt can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

13

ENTERED this 15th day of June, 2009.

                                           s/John S. Bryant
                                           JOHN S. BRYANT
                                           UNITED STATES MAGISTRATE JUDGE