IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JIMMY M. LILLARD, and ) | |
| MUNSELL L. VOORHIES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:07-1036 |
| ) | Judge Trauger |
| CITY OF MURFREEBORO, TENNESSEE ) | |
| POLICE DEPARTMENT and ) | |
| DETECTIVE JOHN H. JONES, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

Pending before the court is Magistrate Judge Bryant's Report and Recommendation ("R&R") (Docket No. 30), which makes a recommendation as to the disposition of the pending Motion to Dismiss filed by defendants City of Murfreesboro Police Department and John H. Jones (Docket No. 24). The plaintiffs, Jimmy M. Lillard and Munsell L. Voorhies, who are father and son, have filed timely objections to the R&R. For the reasons discussed herein, these objections will be overruled and the defendants' motion granted.

## FACTUAL AND PROCEDURAL BACKGROUND

The plaintiffs seek damages in this case based on alleged violations of their constitutional rights that occurred in conjunction with a criminal investigation by the Murfreesboro, Tennessee

1

Police Department (MTPD).[1] On February 17, 2005, four search warrants were issued based on affidavits made by defendant Jones, who is a detective with the MTPD. In his affidavits, defendant Jones stated that a confidential informant had stated that plaintiff Voorhies and his brother (who is not a plaintiff in this case) were involved in trafficking powder and crack cocaine. The four search warrants allowed the MTPD to search for evidence of violations of the Tennessee Drug Control Act of 1989 and for evidence of money laundering at four residences in Murfreesboro and on the persons of plaintiff Voorhies and his brother.

The first search warrant was executed by defendant Jones on February 17, 2005 at 809 Riveria Drive in Murfreesboro. When defendant Jones and the other officers entered the home, they discovered rolling papers, crack cocaine, marijuana, and other evidence of controlled substance use. While the search was in progress, plaintiff Lillard arrived at the house. Defendant Jones determined that Lillard lived at 809 Riveria Drive based on the facts that (1) some of the mail on the premises was addressed to Lillard; (2) Jones recognized items of Lillard's that had been at the 809 Riveria Drive property during past searches of the property; and (3) during four previous searches of this property, Lillard had been living there. Based on this and the evidence found at the house, defendant Jones arrested Lillard.

Lillard claims that he moved to Nashville in 2003 and that he was just visiting 809 Riveria Drive at the time of the search. Defendant Jones has admitted that Lillard's driver's license address did not match the address searched, that the utilities for 809 Riveria Drive were

---

[1] Unless otherwise stated, the undisputed facts are drawn from Judge Bryant's R&R. (Docket No. 30.)

not in Lillard's name, and that he did not check the date on the mail that had Lillard's name on it.

At Lillard's June 1, 2005 preliminary hearing in the General Sessions Court, defendant Jones conceded that, in the affidavit to obtain the 809 Riveria Drive search warrant, he had incorrectly stated that Lillard's crack cocaine had been previously found on the premises. Despite the fact that this false information was the only information expressly tying Lillard to the February 17 search at 809 Riveria Drive, the General Sessions Court judge determined that there was sufficient probable cause to believe that Lillard had committed an offense related to evidence discovered at 809 Riveria Drive to bind Lillard over to a grand jury for indictment. On August 1, 2005, the grand jury returned a true bill, indicting Lillard for felony possession of cocaine, "maintaining a structure" for the use of a controlled substance, simple possession of marijuana, and possession of drug paraphernalia. The charges against Lillard were ultimately dismissed on December 12, 2006, based on the state's decision not to prosecute.

The plaintiffs allege that, after Lillard's case was dismissed, plaintiff Voorhies was arrested based on one of the February 17, 2005 search warrants, but that warrant was not served on him until May 2007. (Docket No. 1 Ex. 1 at 30.) The plaintiffs contend that the search warrant is the same in substance as the 2005 warrant, although defendant Jones may have altered it or rewritten it in some ways and then submitted it to a different judge. (Docket No. 1 Ex. 1 at 30; Docket No. 1 Ex. 1 at 43; Docket No. 19 at 26.) On August 13, 2007, plaintiff Voorhies took a three-year plea bargain related to this arrest, but he now claims that he was prejudiced in his criminal defense by the fact that two years passed between the alleged offense and his indictment and that defendant Jones repeatedly failed to appear in court and "bring the evidence" during

3

trial. (Docket No. 1 Ex. 1 at 47.)

On October 17, 2007, the plaintiffs, proceeding *pro se*, filed this lawsuit seeking damages under 42 U.S.C. § 1983. (Docket No. 1.) The case was referred to Magistrate Judge Bryant (Docket No. 3), the plaintiffs filed an Amended Complaint (Docket No. 11), and, on October 15, 2008, the defendants filed the pending Motion to Dismiss. (Docket No. 24.)

On June 15, 2009, Magistrate Judge Bryant issued his R&R, recommending that the defendants' motion be granted and that the plaintiffs' claims be dismissed in their entirety with prejudice. (Docket No. 30 at 13.) Judge Bryant concluded that, liberally construing the plaintiffs' *pro se* Complaint, the plaintiffs were alleging that Lillard was "unlawfully arrested [and imprisoned] and maliciously prosecuted in violation of the Fourth and Fourteenth Amendments" and that plaintiff Voorhies was unlawfully arrested and falsely imprisoned on a "stale" search warrant and had his Fifth Amendment due process rights violated by the two-year pre-indictment delay. (Docket No. 30 at 5.)

As to Lillard, Magistrate Judge Bryant concluded that his false arrest and false imprisonment claims were barred due to Section 1983's one-year statute of limitations and that his malicious prosecution claims were barred by principles of collateral estoppel. (*Id.* at 6-11.) As to Voorhies, Judge Bryant concluded that he was collaterally estopped from asserting false arrest and false imprisonment claims here, and that his Fifth Amendment pre-indictment delay claim failed because the plaintiffs had failed to allege sufficient facts to support this claim. (*Id.* at 11-13.) As noted above, the defendants filed a timely objection to the R&R, raising two issues.

4

## ANALYSIS

**I. Standard of Review**

Under Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the court is required to make a *de novo* determination of any part of the Magistrate Judge's R&R to which specific objection has been made. The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

**II. Objections to the R&R**

In their three-page objection to the R&R, the plaintiffs argue (1) that Lillard's false arrest and false imprisonment claims are not barred by the statute of limitations; and (2) that Lillard's malicious prosecution claim is not barred by principles of collateral estoppel. (Docket No. 33.) While the plaintiffs occasionally refer to their collective right to seek relief in this case, the only specific objections to Magistrate Judge Bryant's R&R relate to plaintiff Lillard.[2]

**A. Statute of Limitations**

In the R&R, Judge Bryant concluded that, because the plaintiffs were asserting a Section 1983 claim, and because it is well-settled that the statute of limitations on Section 1983 claims asserted in Tennessee is one year, in order to be viable, Lillard's false arrest and false imprisonment claims must have been filed within one year from the date of accrual. (Docket No. 30 at 6; *see also Porter v. Brown*, 289 Fed. Appx. 114, 116 (6th Cir. 2008)). Judge Bryant

---

[2] The plaintiffs do argue that Lillard's statute of limitations argument "is applicable to the Munsell Voorhies" claim as well, but Judge Bryant did not recommend dismissing Voorhies's claims on statute of limitations grounds. (Docket No. 33 at 2.)

5

concluded that "false arrest claims under Section 1983 accrue at the time of the arrest or no later than the first judicial proceeding subsequent to the arrest." (Docket No. 30 at 6 citing, among others, *Wallace v. Kato*, 549 U.S. 384, 391 (2007); *Fox v. Desoto*, 489 F.3d 227, 233 (6th Cir. 2007)). As to false imprisonment claims, Judge Bryant likewise concluded that the accrual date is when "detention is sanctioned pursuant to legal process." (Docket No. 30 at 6 citing *Wallace*, 549 U.S. at 390). Judge Bryant noted that the record indicated that June 1, 2005 was the date of the first judicial proceeding (the preliminary hearing to determine probable cause) in this case and date that Lillard was first detained pursuant to legal process (following the determination that there was probable cause to bind Lillard over to the grand jury). As the plaintiffs' Complaint was not filed until October 17, 2007, more than one year after the claims accrued, Judge Bryant concluded that this aspect of the plaintiffs' Section 1983 claim was time-barred.

In objecting to this conclusion, the plaintiffs argue that "Mr. Lillard's cause of action is a 1983 action based on the outcome of the particular matter wherein the genesis of the illegal state activity takes place. It is a vindication type of matter and does not accrue until after the vindication of the same takes place. Thus, the statute of limitations does not begin to run until the end of the criminal case." (Docket No. 33 at 1.) In support of this proposition, the plaintiffs provide a quotation from Judge Guy's concurring opinion in *McCune v. City of Grand Rapids*, 842 F.2d 903 (6th Cir. 1988), in which Judge Guy suggests concluding that a false arrest action does not accrue for purposes of Section 1983's statute of limitations "until vindication." *Id.* at 909. Lillard contends that the case against him in state court was not finally dismissed until April 2008, and, therefore, "vindication" did not come until after this case was filed, and,

6

therefore, there is no statute of limitations issue with his claim. (Docket No. 33 at 2.)

This objection will be overruled. The case law relied on by Judge Bryant makes it clear that the statute of limitations for these claims began to run on June 1, 2005. Discussing false arrest and false imprisonment together in the Section 1983 context, the Supreme Court clearly stated, some twenty years after Judge Guy's concurrence, that "reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process* – when, for example, he is bound over by a magistrate or arraigned on charges. ... Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." *Wallace*, 549 U.S. at 390 (emphasis in original)(internal citation omitted). Therefore, the Court concluded that the accrual date for a Section 1983 false imprisonment claim was not the date the plaintiff was released or "vindicated," but the date "legal process was initiated against him." *Id.* In light of this clear precedent, the plaintiffs' argument that the statute of limitations as to the false arrest and false imprisonment claims did not begin to run until the date of "vindication" is simply without merit, and the plaintiffs' objection will be overruled.

B.   **Collateral Estoppel**

In the R&R, Judge Bryant concluded that plaintiff Lillard's claim of malicious prosecution was barred by principles of collateral estoppel. Judge Bryant noted that, while the precise elements of a Fourth Amendment malicious prosecution claim remain somewhat unsettled in the Sixth Circuit, the plaintiff must at least establish that there was not probable

7

cause to prosecute him on the charge at issue. (Docket No. 30 at 8; *see also Thacker v. City of Columbus*, 328 F.3d 244, 259 (6th Cir. 2003)). Judge Bryant then concluded that Lillard was estopped from re-litigating the issue of whether there was probable cause to prosecute him for the offenses at issue here because the issue of probable cause had been determined (adversely to Lillard) in the proceeding before the General Sessions Court in June 2005. (Docket No. 30 at 7-10.) With this element of the malicious prosecution claim established against Lillard, Judge Bryant concluded that Lillard's malicious prosecution claim was not sustainable. (*Id.*)

In objecting, the plaintiffs argue that "Lillard has a good claim for malicious prosecution" because, under Sixth Circuit law, a "plaintiff can bring a cause of action in the federal courts based on malicious prosecution even if the state has traveled with so called legal process that was not supported by probable cause, such as in the instant case." (Docket No. 33 at 3.) While this sentence is confusing, it appears that the plaintiffs are arguing that Lillard can assert a claim of malicious prosecution even if probable cause was found in a prior, preliminary proceeding. In support of this, the plaintiffs include a quote from a Fourth Circuit case (included in a Sixth Circuit discussion of the Section 1983 malicious prosecution cause of action), which stated that "[Plaintiff's] allegations that [the officer] seized him pursuant to legal process that was not supported by probable cause and that the criminal proceedings terminated in his favor are sufficient to state a Section 1983 malicious prosecution claim alleging a seizure that was violative of the Fourth Amendment." *See Frantz v. Village of Bradford*, 245 F.3d 869, 873 (6th Cir. 2001)(quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183-84 (4th Cir. 1996)).

Plainly, the plaintiffs' objection fails to cast doubt on Judge Bryant's assessment that

8

Lillard's malicious prosecution claim is barred by principles of collateral estoppel. The Sixth Circuit has concluded that an indictment has "preclusive effect" and a malicious prosecution claim must fail in the face of an indictment because the plaintiff cannot "show the absence of probable cause." *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir. 2006)(internal quotation omitted). In light of this clear precedent, Judge Bryant was correct that Lillard's malicious prosecution claim must fail due to the previous state court finding of probable cause.

## ORDER

As both of the plaintiffs' R&R objections are overruled, the decision recommended by Judge Bryant in the R&R stands. For the reasons stated therein and herein, it is hereby **ORDERED** that the defendants' Motion to Dismiss (Docket No. 24) is **GRANTED**, and this case is **DISMISSED**.

It is so ordered.

Enter this 10th day of July 2009.

ALETA A. TRAUGER
United States District Judge